IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMY WOODALL,

    Plaintiff,

v.                                              Case No. 1:23-cv-00862 LF-JMR

WESTERN EXPRESS, INC.,
and CURT MOELLER,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment and Supporting Memorandum Brief, filed January 7, 2025. Doc. 136. Defendants seek partial summary judgment pertaining to Plaintiff Jimmy Woodall's claims concerning the aggravation of his preexisting injuries. *Id.* at 2. Mr. Woodall opposes Defendants' motion. Doc. 143. The Court, having reviewed the parties' submissions and the applicable law, finds that a genuine dispute of material fact exists regarding the potential aggravation of Mr. Woodall's preexisting injuries; it therefore denies Defendants' motion.

**BACKGROUND**

This case arises out of a commercial motor vehicle collision that occurred on or about July 16, 2022. Doc. 43 at 2. At the time of the collision, Mr. Woodall was driving a commercial motor vehicle eastbound on Interstate 40 near Gallup, New Mexico. *Id.* Mr. Woodall alleges that defendant Curt Moeller was driving another commercial vehicle for his employer, defendant Western Express, Inc. ("Western"), and that Mr. Moeller made an unsafe lane change that caused

the collision. *Id.* at 2–3. Mr. Woodall filed suit against both Western and Mr. Moeller, seeking damages for his injuries. *See generally id.*

Several years before the accident, on June 3, 2017, Mr. Woodall was involved in a motorcycle accident for which he was hospitalized for several days.[1] UMF No. 2. This accident injured his left and right shoulders, his neck, and his back. UMF No. 3. A CT scan following the motorcycle accident demonstrated degenerative changes and swelling in his thoracic and lumbar spine. UMF Nos. 6–7. Mr. Woodall's spinal surgeon, Dr. Callewart, and his shoulder surgeon, Dr. Dillin, could not provide a percentage or quantity by which they believe his previous conditions were aggravated by the motor vehicle collision at issue in this case. UMF Nos. 13, 18.

## LEGAL STANDARD

The Court may enter summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *EFLO Energy v. Devon Energy Corp.*, 66 F.4th 775, 787 (10th Cir. 2023) (quoting FED. R. CIV. P. 56(a)). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The movant carries the initial burden, which it may satisfy by demonstrating an absence of evidence to support the nonmoving party's case; if the movant carries this initial burden, the nonmovant must "set forth specific facts showing a

---

[1] Defendants assert multiple undisputed material facts ("UMF"). Doc. 136 at 2–4. Mr. Woodall did not address the material facts in his response. *See* Doc. 143. The Court therefore deems the UMFs undisputed. D.N.M.LR-Civ. 56.1(b) ("All material facts set forth in the [motion for summary judgment] will be deemed undisputed unless specifically controverted."); FED. R. CIV. P. 56(e) ("If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

genuine issue for trial" on the dispositive issues for which it has the burden of proof. *Schneider v. City of Grand Jct. Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

## ANALYSIS

Because Mr. Woodall did not address Defendants' material facts in his response, the Court views them all as undisputed. It follows that there is no genuine dispute of material fact. Such a finding, however, does not lead to summary judgment as a matter of course. There may be no genuine dispute regarding the material facts Defendants present, but those undisputed facts must lead to judgment as a matter of law to warrant a grant of summary judgment. The Court therefore focuses its inquiry on the law applicable to the present case to determine whether the undisputed material facts resolve the issue of the aggravation of Mr. Woodall's preexisting injuries as a matter of law.

Drs. Dillin and Callewart could not quantify the extent of aggravation to Mr. Woodall's preexisting injuries. UMFs 12, 13, 17, 18. Defendants argue that Mr. Woodall therefore cannot prevail on his claims regarding the worsening of his previous health conditions. Doc. 136 at 6–7. They state that expert medical testimony must be introduced for Mr. Woodall to meet his burden. *Id.* at 8 (citing *Woods v. Brumlop*, 1962-NMSC-133, 71 N.M. 221, 377 P.2d 520).

The New Mexico Supreme Court case to which Defendants cite, *Woods*, holds that when the "subject matter is wholly scientific or so far removed from the usual and ordinary experience of the average [person] that expert knowledge is essential to the formation of an intelligent opinion, only an expert can competently give opinion evidence as to the cause of death, disease, or a physical condition." *Woods*, 1962-NMSC-133, ¶ 8, 72 N.M. at 224, 377 P.2d at 522. *Woods* was a medical malpractice case involving a plaintiff who alleged that the electroshock therapy she received caused hearing loss and that her doctor failed to advise her of the risks; she testified

3

that the treatment destroyed much of her hearing, but a medical expert stated that she had preexisting hearing loss and that he could not form an opinion about whether this treatment could result in a loss of hearing. *Id.* ¶¶ 3, 5, 10, 71 N.M. at 223–24, 377 P.2d at 521–22. The New Mexico Supreme Court held that "the cause and effect of a physical condition lies in a field of knowledge in which only a medical expert can give a competent opinion." *Id.* ¶ 15, 71 N.M. at 225, 377 P.2d at 523.

In part, the *Woods* Court relied on *Hebenstreit v. Atchison, Topeka and Santa Fe Railway Company*, which held that "a judgment based on conjecture, surmise or speculation [cannot] be sustained." 1959-NMSC-019, ¶ 24, 65 N.M. 301, 306, 336 P.2d 1057, 1061. *Hebenstreit* involved a plaintiff who claimed that a train crash aggravated her cancer. *Id.* ¶¶ 1, 2, 65 N.M. at 302, 336 P.2d at 1058. The defendant argued, successfully, that there was not sufficient evidence to approximate the aggravation of the cancer: "there [was] not such proof in the record," *id.* ¶¶ 18, 20, 65 N.M. at 305, 336 P.2d at 1060, "no testimony as to the extent of the aggravation," and the medical expert testified that "it would be a matter of pure speculation to state the extent of aggravation caused by the blow or blows," *id.* ¶ 22, 65 N.M. at 306, 336 P.2d at 1061. Given this sparse evidentiary landscape, the Court found that the plaintiff could not prove the degree of aggravation based on the existing record, and the case was remanded for a new trial. *Id.* ¶¶ 27, 31, 65 N.M. at 306–07, 336 P.2d at 1061.

Critically, however, the New Mexico Supreme Court also has held that medical testimony about the percentage of aggravation "is not the only way the extent of the aggravation can be proved": a plaintiff also may employ comparative testimony. *Morris v. Rogers*, 1969-NMSC-083, ¶ 8, 80 N.M. 389, 391, 456 P.2d 863, 865. For example, testimony indicating a decrease in mobility and an increase in the severity of pain can establish the extent of aggravation from an

4

injury. *Id.* ¶ 13, 80 N.M at 391, 456 P.2d at 865. Case law out of the District of New Mexico indicates that a plaintiff "may testify as to his pain and working habits," and supplemental information from a medical professional can provide support for causation by explaining, for example, how an accident may aggravate preexisting conditions in the abstract. *Shultzaberger v. State Farm Mut. Auto. Ins. Co.*, No. 2:17-cv-01028-KRS-CG, 2018 WL 5085706, at *5 (D.N.M. Oct. 18, 2018). Even if the doctor does not testify specifically to a causal link between an accident and a need for subsequent treatment, more generalized testimony from an expert can supplement specific testimony from a plaintiff about his own pain to satisfy the elements of an aggravation claim. *Id.; see also Williams v. Curtis*, No. 1:12-cv-00716-MCA-KK, 2014 WL 12569376, at *4 (D.N.M. Aug. 20, 2014) ("Because Plaintiff has proffered her own testimony as to her pain and suffering and how she relates such pain and suffering to the collision, Defendants are not entitled to judgment as a matter of law.").

The Court finds *Shultzaberger* and *Morris* most applicable to the present case. *Shultzaberger* dealt with a similar question to the one at issue here—whether New Mexico law established "a bright-line rule requiring the testimony of a medical expert to prove causation." 2018 WL 5085706, at *3. It found *Woods* unhelpful "in the automobile-accident context"; *Woods*, as a medical malpractice case, required expert testimony regarding a physician's standard of care, an inquiry not relevant for basic causation questions. *Id.* The Court agrees. Also, *Hebenstreit* involved "no testimony as to the extent of the aggravation," 1959-NMSC-019, ¶ 22, 65 N.M. at 306, 336 P.2d at 1061—a factual record not analogous to the one here, which would involve testimony from Mr. Woodall to establish the extent of the aggravation. In contrast to the cases the defendants cite, *Morris* was a personal injury case involving a vehicle crash and involving testimony regarding the aggravation of the plaintiff's injury, rendering it much more

5

similar to the present case. *See* 1969-NMSC-083, ¶¶ 1–13, 80 N.M. at 390–91, 456 P2d at 864–65. *Morris* and *Shultzaberger* point to a straightforward solution: Mr. Woodall may testify to his own aggravated injuries, even if his doctors cannot quantify the extent of the aggravation.

Defendants argue that the *doctors* in this case cannot provide comparative testimony because Mr. Woodall did not discuss the effects of the 2017 motorcycle accident with them. Doc. 148 at 12–13. But case law does not require the doctors to make the comparison. Mr. Woodall may testify at trial to the changes he experienced following the motor vehicle collision, and the jury can assess his credibility as they would any other witness.

Accordingly, the Court denies Defendants' motion for partial summary judgment. Doc. 136. It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE