IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY WOODALL,

    Plaintiff,

v.                                          Case No. 1:23-cv-00862 LF-JMR

WESTERN EXPRESS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON PREJUDGMENT INTEREST AND COSTS

This matter comes before the Court on 1) Plaintiff's Motion for Prejudgment Interest, filed June 13, 2025 (Doc. 228); 2) Plaintiff's Bill of Costs, filed June 13, 2025 (Doc. 229); and 3) Defendant's Motion to Award and Tax Costs, filed June 20, 2025 (Doc. 230). Having reviewed the parties' submissions and the applicable law, the Court rules as follows.

## BACKGROUND

On October 2, 2023, Mr. Woodall filed his complaint in this case. Doc. 1. Defendant was served on October 4, 2023. Doc. 228 at 1; Doc. 232 at 1. The parties first exchanged settlement offers in August 2024. On August 2, 2024, Mr. Woodall made an initial settlement demand for $5,000,000.00. Doc. 228 at 1; Doc. 232 at 1. On August 12, 2024, Defendant responded with a settlement offer of $100,000.00. Doc. 228 at 1; Doc. 232 at 1. The parties attended a settlement conference before Magistrate Judge Jennifer Rozzoni on August 26, 2024, and the case did not settle. Doc. 113.

The parties recommenced settlement efforts in January 2025. On January 13, 2025, Mr. Woodall served a settlement demand for $2,850,000.00. Doc. 228 at 1; Doc. 232 at 2. On January

24, 2025, Defendant responded with a settlement offer of $185,000.00. Doc. 228 at 2; Doc. 232 at 2. The case did not settle.

On May 1, 2025, the parties attended a private mediation. Doc. 228 at 2; Doc. 232 at 2. The parties did not reach an agreement during the mediation, but after the mediation ended, the mediator submitted a mediator's number of $718,375.00. Doc. 232 at 2. Defendant accepted the mediator's number on May 8, 2025, and filed an offer of judgment in the amount of $718,375.00 the same day. Doc. 228 at 2; Doc. 232 at 9. Mr. Woodall did not accept this offer.

The case went to trial on June 2, 2025. Doc. 214. The jury returned a verdict awarding Mr. Woodall $498,000.00 on June 6, 2025. Doc. 225.

## ANALYSIS

### I.      Prejudgment Interest

"A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest." *Chesapeake Operating, Inc. v. Valence Operating Co.*, 193 F.3d 1153, 1156 (10th Cir. 1999). New Mexico law grants a trial court the discretion to

> allow interest of up to ten percent from the date the complaint is served upon the defendant after considering, among other things: (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.

N.M. STAT. ANN. 1978, § 56-8-4(B). Here, Mr. Woodall seeks prejudgment interest of ten percent on his verdict of $498,000.00, accruing from the date of service on October 4, 2023, to the date the Court signed the judgment on June 9, 2025, for a total amount of $83,631.59. Doc. 228 at 4. He argues that he did not cause unreasonable delay because he filed the case timely, conducted discovery in accordance with the Court's scheduling orders, and did not file a motion for continuance to delay the trial. *Id.* at 3. He argues that Defendant did make a reasonable offer of

settlement on May 8, 2025, but because the offer was made only twenty-four days before trial, it was not a timely offer of settlement. *Id.*

Defendant responds that its settlement offers were "more than reasonable and timely." Doc. 232 at 5. It states that Mr. Woodall's dishonest conduct throughout the discovery process caused undue delay and that the legislative intent of § 56-8-4(B) was to promote settlements, not to "serve as a tool for plaintiffs to force unreasonable settlements." *Id.* at 7. Therefore, it argues that prejudgment interest is inappropriate. *Id.* at 7. In the alternative, Defendant argues that if the Court is inclined to grant prejudgment interest, it should set the interest at five percent based on Defendant's "good-faith belief that its offer of settlement was reasonable." *Id.*

The Court's decision to grant prejudgment interest is a matter of discretion (with certain exceptions not relevant here) and is reversed only if the decision to award prejudgment interest is "contrary to logic and reason." *Smith v. McKee*, 1993-NMSC-046, ¶ 7, 116 N.M. 34, 36, 859 P.2d 1061, 1063. In this case, the parties agree that Defendant made a reasonable offer of settlement on May 8, 2025, but they disagree about whether that offer of settlement was timely, whether the earlier offers were reasonable, and whether Mr. Woodall caused undue delay.

First, the Court finds that Mr. Woodall did not cause undue delay. The first scheduling order closed discovery by June 18, 2024. Doc. 20. The parties jointly moved for an extension, which the Court granted, and the discovery termination date became October 9, 2024. Doc. 52; Doc. 53. Following a discovery dispute, Defendant was granted additional limited discovery until December 2, 2024, but Defendant never availed itself of this option. Doc. 128; Doc. 193 at 4. Under these circumstances, it is inaccurate to say that Mr. Woodall *caused* undue delay; the parties jointly moved for one extension, and Defendants received, but did not take advantage of, an additional few months of discovery as a result of Mr. Woodall's incomplete discovery

3

responses. It is unlikely that a discovery extension of a few months would constitute undue delay, but it certainly does not do so here when Defendants did not conduct the additional discovery that the Court allowed as a remedy for plaintiff's discovery violations.

Next, the Court looks to whether the earlier offers of settlement were reasonable. The jury ultimately valued the case at $498,000.00. Defendant offered $100,000.00 on August 12, 2024; $160,000.00 on August 26, 2024; and $185,000.00 on January 24, 2025. Doc. 232 at 1–2. The first offer was approximately one-fifth of the jury's valuation of the case, and the final offer was between one-third and one-half of the jury's verdict. The Court finds that these settlement offers are unreasonably low given the facts of the case. *See Southard v. Fox*, 1992-NMCA-045, ¶ 4, 113 N.M. 774, 775, 833 P.2d 251, 252 (lower court found that offer of $56,000 approximately five weeks before trial which ended with a verdict of $130,000 was "timely but not reasonable" (bracketed language omitted); defendant did not dispute these findings, *see id*. ¶ 17).

Finally, the Court looks to the timeliness of the May 8, 2025, offer of settlement. The Court finds that this settlement offer was not so late as to bar prejudgment interest completely; by settling on that date, the parties could have avoided the expense of the trial itself, which is not insignificant. However, it is somewhat late in the process, and much of the expense of trial already had been accrued. Accordingly, the Court will allow prejudgment interest from the date of service (October 4, 2023) through May 8, 2025. An award of prejudgment interest beyond this point would not serve the purpose of "foster[ing] settlement and prevent[ing] delay" because a reasonable settlement offer had been made. *Pub. Serv. Co. of N.M. v. Diamond D Construction Co., Inc.*, 2001-NMCA-082, ¶ 52, 131 N.M. 100, 116, 33 P.3d 651, 667.

As for the quantity of interest, the Court agrees that the purpose of prejudgment interest is to encourage prompt resolution of the case—not to grant the plaintiff a windfall. *See Weidler v. Big J Enters., Inc.*, 1998-NMCA-021, ¶ 54, 124 N.M. 591, 605, 953 P.2d 1089, 1103 ("Prejudgment interest pursuant to Section 56-8-4(b) could be viewed as compensatory" in that it "is necessary to make the plaintiff whole, because the damages to which he was entitled to compensate for his loss were not received until long after the injury occurred"). The Court finds that an interest rate of five percent during this period is appropriate to compensate for the delay in this case without granting Mr. Woodall a windfall.

Accordingly, the Court will award prejudgment interest, calculated at a rate of five percent, for the period between October 4, 2023, and May 8, 2025. The daily interest is $68.22 per day for 583 days, which amounts to $39,772.26 in prejudgment interest.

**II.     Costs**

Both Mr. Woodall and Defendant seek an award of costs. Doc. 229; Doc. 230. The Court will address each in turn.

A.     Mr. Woodall's Costs

Defendant argues that Mr. Woodall "cannot recover the costs he incurred after May 8, 2025," when Defendant made an offer of judgment for an amount higher than the eventual verdict. Doc. 232 at 3. Federal Rule of Civil Procedure 68(d) states, "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Mr. Woodall—the offeree—received a final judgment that was not more favorable than the offer Defendant made on May 8, 2025. Therefore, Mr. Woodall must pay the costs incurred after May 8, 2025. Mr. Woodall is ordered to submit an amended bill of costs including only costs incurred before May 8, 2025.

B. Defendant's Costs

As for the costs after May 8, 2025, Rule 68(d) requires the offeree—Mr. Woodall—to pay the costs incurred after the offer of judgment was made. Mr. Woodall's dispute is not with the payment of costs at all, but with the payment of the specific costs Defendant seeks. Specifically, Mr. Woodall objects to payment of Defendant's expert fees for trial preparation, travel, nontestimony time at the courthouse, and testimony, as well as expenses related to Defendant's investigation and background check of Mr. Woodall after May 8, 2025. *See* Doc. 231-1.

18 U.S.C. § 1920 allows a court to tax the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Mr. Woodall argues that § 1920(3) includes only the daily limit applicable to any witness, expert or lay. Doc. 231 at 2–3. He points to D.N.M.LR-Civ. 54.2(c)(2), which states, "An expert witness fee is not taxable under 28 U.S.C. §1920 unless the Court, *sua sponte* or on motion by a party, appoints the expert and approves the fee amount. An expert witness not appointed by the Court will be paid the same fee as a lay witness."

Defendant points to case law stating that the witness fee "contemplated in section 1920(3)" is defined in 28 U.S.C. § 1821. *Hull v. United States*, 978 F.2d 570, 572 (10th Cir. 1992). Section 1821, in turn, requires witnesses to be paid, as relevant here, an "attendance fee of $40 per day for each day's attendance," fees for "the actual expenses of travel" by common

carrier "at the most economical rate reasonably available," and a "subsistence allowance." 28 U.S.C. § 1821.

Reading 28 U.S.C. §§ 1920(3) and 1821 together, the Court finds that the costs pertaining to Defendants' experts' appearances in court (at a rate of $40 per day), travel (such as airfare and rideshare expenses), and lodging are recoverable. However, the experts' fees for trial preparation, travel *time*, trial testimony, and nontestimony time at the courthouse are not recoverable. Section 1821 does not include preparation time, travel time (as distinct from the expenses of the travel itself), or the hourly fees charged by the expert. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987) (holding "that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary").

As for Defendant's costs pertaining to the investigation, Mr. Woodall argues that the investigation fees are not recoverable. Doc. 231 at 3. Regarding these costs, Defendant responds only that they "were reasonable and necessary," and that Rule 54 creates the "strong presumption that its costs will be awarded in full measure." Doc. 234 at 3 (internal quotation marks omitted) (citing *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002)). Defendant's citation is incomplete in an important respect: *Concord Boat* states that "[w]hen an expense is taxable as a cost," the aforementioned presumption exists. 309 F.3d at 498. Here, no language in 28 U.S.C. § 1920(3) includes investigative or discovery costs. Accordingly, the Court will not allow Defendant to recover its investigative costs.

Finally, Defendant seeks an interest rate of 8.75% per year pursuant to N.M. STAT. ANN. § 56-8-4(A). Doc. 230 at 4. Mr. Woodall makes no argument against this request in his response, and the Court therefore concludes that he has no opposition. Further, the Court agrees that post-

7

judgment interest on costs is appropriate. *See Aquifer Science, LLC v. Verhines*, 2023-NMCA-020, ¶ 73, 527 P.3d 667, 684. Section 56-8-4(A) states, "Interest shall be allowed on judgments and decrees for the payment of money from entry and shall be calculated at the rate of eight and three-fourths percent per year[.]" The New Mexico Court of Appeals has ruled that the "from entry" language means that "all such judgments and decrees shall earn interest from the date of filing"—that is, in this case, the date of this Memorandum Opinion and Order. *Massengill v. Fisher Sand & Gravel Co.*, 2013-NMCA-103, ¶ 20, 311 P.3d 1231, 1235–36. The Court therefore will order post-judgment interest from the date of this order.

"An award of post-judgment interest is mandatory and is to be computed at the statutory rate." *Holcomb v. Rodriguez*, 2016-NMCA-075, ¶ 31, 387 P.3d 286, 296 (brackets omitted). The Court notes that the mandatory award of post-judgment interest also applies to the verdict ($498,000.00) and prejudgment interest, and Mr. Woodall's costs, once finalized. The post-judgment interest rate on the verdict and prejudgment interest is to be calculated at 15% because "the judgment is based on tortious conduct." N.M. Stat. Ann. § 56-8-4(A)(2). The interest rate on Mr. Woodall's costs (and, as stated above, Defendant's costs) is 8.75% because the order awarding costs is not a "judgment based on tortious conduct." Interest began to accrue on the jury verdict from the date the Court entered judgment on that verdict (June 9, 2025) and will begin to accrue on the prejudgment interest and Defendant's costs from the date this Memorandum Opinion and Order is filed. Interest will begin to accrue on Mr. Woodall's costs after the Court approves the amended bill of costs.

The Court finds that Mr. Woodall's highlighting in Doc. 231-1 correctly indicates the line items to be removed from the total, except that witness fees of $40 for each witness may be added. By the Court's calculation, this places Defendant's total recoverable costs at $6944.33.[1]

## CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Mr. Woodall's motion for prejudgment interest (Doc. 228). The Court awards prejudgment interest, calculated at a rate of five percent, for the period between October 4, 2023, and May 8, 2025, which amounts to $39,772.26. Post-judgment interest at a rate of 15% per year will begin to accrue on this amount beginning on the date this Memorandum Opinion and Order is filed. (In contrast, post-judgment interest on the judgment itself began to accrue when the judgment was filed on June 9, 2025.)

The Court grants costs to Mr. Woodall only up to May 8, 2025. Mr. Woodall is ordered to submit an amended bill of costs including only costs incurred before May 8, 2025. This amended bill of costs is to be filed no later than July 21, 2025. Post-judgment interest at a rate of 8.75% per year will begin to accrue on this amount after the Court approves the amended bill of costs.

The Court grants in part and denies in part Defendant's motion to award and tax costs (Doc. 230). Defendant is awarded a total of $6944.33 in costs, with post-judgment interest at 8.75% per year beginning on the date this Memorandum Opinion and Order is filed.

---

[1] The Court observes some minor arithmetic errors in Defendant's calculations. *See* Doc. 230-1. For example, in the "Other Post Offer Expenses" section, $31.25+$1232.45+$24.90 does not total $1257.35; it totals $1288.60. To reach its updated sum, the Court added the recoverable costs from each line of Defendant's bill of costs rather than subtracting from the totals Defendant provided. If either party believes the Court has committed any error in its calculations, that party should advise the Court no later than Friday, July 18, 2025.

It is so ordered.

                                                _____
                                                LAURA FASHING
                                                UNITED STATES MAGISTRATE JUDGE